## (January 26, 1953.)

∎

In the Matter of the Claim of DOROTHY M. WHALEN, on Behalf of Herself and JANE M. WHALEN and Another, Infants, Respondent, against ELECTROLUX CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decision and award of the Workmen's Compensation Board. The decedent was employed by the appellant Electrolux Corp. as a salesman of vacuum cleaners. The decedent's home was in Huntington Station, Long Island, and his territory embraced a large part of Nassau County. The proof showed that the decedent had no regular hours of employment, that he was free to come and go as he pleased and that it was customary for the decedent and the appellant's other salesmen to call on customers at their homes during the evening as well as during the daytime. On December 10, 1949, after having spent a large part of the day calling on customers the decedent took off three hours, from about 6:30 to 9:30 P.M. for supper and for personal shopping. The board found that he then resumed his work calling on customers and that he was on his way to make calls in Hicksville and Plainview, New York, when his car skidded and struck a tree, about 11:00 P.M., as a result of which the decedent sustained the injuries which caused his death. The road upon which decedent was traveling was an appropriate road to reach the customers upon whom he intended to call, and was also an appropriate road by which he could return to his home after completing his calls. There was substantial evidence, including the testimony of a fellow salesman who was with the decedent from 6:30 to 9:30 P.M., supporting the board's finding of the foregoing facts. A post-mortem examination disclosed that the decedent had had a substantial

number of drinks during the evening. The appellant does not contend that the accident was caused by intoxication (cf. Workmen's Compensation Law, § 21, subd. 4) but argues that the evidence of the decedent's drinking, together with the evidence of the performance of personal errands by him, should lead to the conclusion that the decedent had not resumed work for his employer at the time of the accident. This conclusion rests largely upon speculation; it runs counter to the testimony of decedent's fellow salesman and to much of the circumstantial evidence in the case; in any event, we cannot adopt the conclusion urged upon us by the appellant as a matter of law. The board had the right to reject the appellant's version and to draw the inference which it did, that the accident occurred in the course of decedent's employment. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.